# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| CHARLES HEAD, | ) |
| Appellant, | ) |
| | ) No. 22-2068 |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, *et. al.*, | ) |
| | ) |
| Appellee. | ) |

## RESPONSE TO COURT'S LETTER DATED JUNE 8, 2022

AND NOW come Appellees, by Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Laura S. Irwin, Assistant United States Attorney for said District, and respectfully respond to this Court's letter dated June 8, 2022.[1] Dismissal is appropriate because the notice of appeal was not filed within 60 days of the order being appealed. *See* Fed. R. App. P. 4(a)(1)(B).

## BACKGROUND

1.  Years ago, for his role in a "foreclosure rescue scheme," Charles Head was convicted in the United States District Court for the Eastern District of California on federal fraud charges after two separate jury trials, and subsequently

---

[1] Namely, Matthew G. Morris; Michael D. Anderson; the Federal Bureau of Investigation; One Unknown FBI Agent; the Department of Justice; and One Unknown Federal Prosecutor, in their official and personal capacities (hereafter, "the federal defendants").

sentenced to a 35-year term of imprisonment. *See* No. 2:08-cr-093 (E.D. Cal.) (*Head I*), Dkt.No.977; No. 2:08-cr-116 (E.D. Cal.) (*Head II*), Dkt.No.581; *United States v. Head*, 700 F. App'x 612, 613 (9th Cir. 2017). In addition to many other motions, Head has filed motions to vacate his convictions under 28 U.S.C. § 2255; one remains pending, *see Head I*, Dkt.No.1788 (order 6/2/22) ("the sheer volume of motions has impeded the court's ability to timely resolve them"), while the other was resolved only very recently. *Head II*, Dkt.No.1045 (order 6/8/22).

2.      For a brief period in 2013, Head was released on bond prior to his second jury trial. He violated the conditions of release when he was arrested by the Moon Township Police Department in Pennsylvania and charged with prostitution-related offenses in Pennsylvania state court. No. 2:19-cv-01246 (W.D. Pa.), Dkt.No.115 at 2 (Gov't resp.).

3.      In 2019, Head commenced the instant civil action in the United States District Court for the Western District of Pennsylvania, alleging various statutory and constitutional claims against multiple defendants, including the Federal Bureau of Investigation and an unknown FBI agent; the prosecutors in his federal criminal proceedings; the Department of Justice; and the United States of America. Dkt.No.1-2 (complaint); Dkt.No.96 (amended complaint).

4.      The genesis of his complaint was that when he was arrested in Pennsylvania, state officers seized and searched his cell phone, obtaining certain

electronically stored information ("ESI") and then later shared that information with the federal defendants, violating his rights. Dkt.No.138 at 3 (memorandum order) (summarizing claims) ("Ex.A"). Head also filed a motion for return of property, pursuant to Federal Rule of Criminal Procedure 41(g), seeking the recovery of the ESI and destruction of copies. Dkt.No.10 (motion); Dkt.No.95 (amended motion).

5. The federal defendants moved to dismiss the complaint with prejudice on grounds of sovereign and prosecutorial immunity, *see* Dkt.Nos.131, 132 (Gov't motion and brief), and to deny the motion for return of property. Dkt.No.115 (Gov't resp.). The Magistrate Judge agreed, and on March 14, 2022, entered a memorandum order to that effect.[2] Ex.A at 16.

6. Head appealed; his notice of appeal was self-dated May 27, 2022. Dkt.No.141. It included a declaration that he had not received a copy of the memorandum order "until the second week of May 2022" after having been transferred to a new federal institution by the Bureau of Prisons. Dkt.No.141-1. In a letter dated June 8, 2022, this Court requested responses regarding its jurisdiction to entertain the appeal. The federal defendants now respond.

---

[2] The parties consented to have the case heard by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1). *See* Dkt.Nos.128, 133.

## **ARGUMENT**

7.	Pursuant to Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case where the United States is a party must be filed within 60 days after the entry of the order being appealed. *See, e.g., United States v. Brooks*, No. 20-2884, 2021 WL 974005, at *1 (3d Cir. Jan. 7, 2021). Here, the deadline to appeal the Magistrate Judge's March 14 order was May 13, 2022. Head, an inmate at FCI Mendota, indicated that he served his notice on May 27 – two weeks late. Consequently, Head's appeal was not timely filed.

8.	It is well-settled that the time limit for filing a civil appeal under Rule 4(a)(1) is jurisdictional. *Virgin Islands v. Martinez*, 620 F.3d 321, 327 (3d Cir. 2010); *Bowles v. Russell*, 551 U.S. 205, 209-13 (2007); 28 U.S.C. § 2107(b). Thus, this Court only possesses jurisdiction to entertain Head's instant appeal if it is timely. *Parker v. Pennsylvania Bd. of Prob. and Parole*, 798 F. App'x 701, 703 (3d Cir. 2020). *Compare Lizardo v. United States*, 619 F.3d 273, 277 (3d Cir. 2010) (discussing "claims-processing rules" in criminal appeals which may be waived, or relaxed in the exercise of a court's discretion).

9.	In a declaration, Head seeks to overcome the tardiness of his appeal based on an alleged delay in his receipt of the Magistrate Judge's order. Dkt.No.141-1. While this Court has held that time limits in criminal cases may be tolled based on "impermissible prison delay," *Parker*, 798 F. App'x at 705 (citing *United States*

4

*v. Grana*, 864 F.2d 312, 313 (3d Cir. 1989)), "that rule has not been extended to civil cases." *Id*. (citing *Poole v. Family Ct. of New Castle Cty.*, 368 F.3d 263, 266 (3d Cir. 2004); *Long v. Atl. City Police Dep't*, 670 F.3d 436, 443 n.14 (3d Cir. 2012)).

10.    Thus, even assuming the existence of impermissible prison delay in Head's receipt of the order being appealed, that delay "cannot be excluded from the jurisdictional time period for appeal."[3] *Parker*, 798 F. App'x at 705. *See also id*. (directing civil appellants to Fed. R. App. P. 4(a)(5), 4(a)(6)). Accordingly, Head's appeal must be dismissed.

11.    Alternatively, if this Court finds that it does possess jurisdiction, it should summarily affirm because this appeal presents no substantial question. *See* Third Circuit LAR 27.4; IOP 10.6. The Magistrate Judge's finding that Head could not overcome the federal defendants' absolute immunity – and thus failed to state a claim upon which relief could be granted – was based on well-settled principles of law. *See* Ex.A at 8-13; *see also United States v. Bein*, 214 F. 3d 408, 412 (3d Cir.

---

[3] Even if *Grana* applied in this civil appeal, it would not be helpful to Head because its holding is limited to *prison* delay, not any other form of delay. *See Grana*, 864 F.2d at 316 ("To the extent that the delay represents slow mail, there is nothing that this Court can do[.]"). Here, the record indicates that Head did not notify the clerk's office of his transfer or any change of address until filing the notice of appeal. Dkt.No.140. In *Poole*, this Court confronted a similar scenario where an order mailed to an inmate was not swiftly received due to a prison transfer, and the clerk's office only learned of the transfer and resent the order weeks later. 368 F.3d at 265. This Court characterized that delay as "attributable to *the clerk's office*, not prison officials." *Id.* (emphasis added).

2000) (sovereign immunity of United States); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (sovereign immunity of officials in official capacity); *Fogle v. Sokol*, 957 F.3d 148, 159-60 (3d Cir. 2020) (prosecutorial immunity); *Johnson v. Koehler*, 733 F. App'x 583, 585 (3d Cir. 2018) (same).

12.　　The Magistrate Judge's denial of Head's motion for the return of property was also correct. Reviewing the federal defendants' declarations, the Magistrate Judge found that Head's property had either been returned or was being retained pending Head's ongoing § 2255 proceedings. Ex.A at 14-15. *See, e.g., United States v. Mendez*, 860 F.3d 1147, 1150 (8th Cir. 2017) ("The pendency of a direct appeal or a post-conviction proceeding might justify the government's further retention of property as potential evidence in a criminal case."); *United States v. Alford*, 805 F. App'x 924, 926 (11th Cir. 2020) ("The Government has a legitimate need to retain the evidence until Alford exhausts his post-conviction remedies[.]"). Based on these facts, Head cannot show any abuse of discretion. *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999).

## **CONCLUSION**

This Court should dismiss this appeal because the notice of appeal was not timely filed, or in the alternative, summarily affirm.

                                                Respectfully submitted,

                                                CINDY K. CHUNG
                                                United States Attorney

                                                /s/ Laura S. Irwin
                                                LAURA S. IRWIN
                                                Assistant U.S. Attorney

                                                Nikolas Vaselopulos
                                                Paralegal Specialist

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Response was served by ECF and/or U.S. Mail to and upon the following:

Charles Head
# 45494-112
FCI Mendota
P.O. Box 9
Mendota, CA 93640
*Pro Se*

/s/ Laura S. Irwin
LAURA S. IRWIN
Assistant United States Attorney

DATED: June 24, 2022